thank you counsel again on behalf of the panel we thank you for being willing to participate in what is still unusual despite these unusual times and we're grateful to be able to have this morning to have a conversation with you about this case we'll try to we're watching the time we hope you will too but we're also anxious to hear your arguments and answers to our questions so with that in mind I'll turn over to counsel for the petitioner. Good morning your honors Alicia Naik pro bono counsel on behalf of petitioner with the court's permission I'd like to reserve five minutes for rebuttal. That'll be granted. May it please the court. It cannot be that petitioner can be ordered removed from the country for failure to show up for his removal proceedings when there is no evidence in the record that he ever knew where or when to go when he never had a hearing to explain why he didn't show up and when there is evidence in the record that he never received notice of his proceedings. Are you able to help us understand why there are two notices to appear one that appears to lack a location even to where to send a change of address and another one that has a I don't know why there are two notices to appear in the record your honor and part of that is because DHS is the one that filed that second annotated copy the copy that petitioner filed in this case was an exhibit to the BIA appeal brief and that was the copy that he had the only time that the annotated notice to appear is in the record is when DHS filed that copy so I don't have an answer to that but to your point your honor if you think that that is a answer that's the exact type of question that could be answered at a hearing on the merits which is the relief that we're seeking and I just I just jump in there it looks like the BIA already picked which one of those that it found persuasive and it attached the one that it used is exhibit one and exhibit one looks to me as I read the administrative record to be the annotated one so it did the one that they titled exhibit one which had an address on it it's not a deference I mean isn't that governed by the substantial evidence standard that is your honor but the BIA based on its decision it doesn't seem like that's the copy they relied on and that's because the BIA determined that written notice was not necessary in this case and in coming to that conclusion the BIA said it determined that petitioner failed to fulfill his obligation to update the immigration court with his new address when he moved from New Jersey to Virginia and that's that goes to show that the BIA assumed that the petitioner ever knew the location of the immigration court so the BIA can say that it relied on the blank notice to appear but if the BIA's rests on the assumption that petitioner ever knew the Newark immigration court location then it follows that the BIA actually relied on the annotated copy and regardless there's no evidence in the record that petitioner ever received that annotated copy it is noteworthy as your honors have pointed out that what's written on the annotated copy is the location of the immigration court which is the one detail that petitioner needed in order to fulfill his obligation to update the immigration court with his new address i'm sorry let me just push back on that because you say the only thing that petitioner needed is the address of the immigration court and are you sure let me just say this are you sure because on either version of the notice to appear it says that and i'm reading only an excerpt you must notify the immigration court immediately by using a form eoir 33 whenever your change of address or whenever you change your address or telephone number during the course of this proceeding you will be provided a copy of this form so it strikes me that if your client had a copy of the form and then then that form oftentimes has the return address on it and it doesn't matter if there was an address on the nta or not and it seems that the way that your client can avoid these service issues is to keep the updated address and so i guess my question is isn't there aren't there two ways and did your client ever receive a form eoir 33 if so when a lot of questions are you can unpack as you want thank you your honor so to your first question there's no evidence in the record that petitioner ever received a copy of this eoir 33 and i agree with you that the language on both the blank and the annotated copy of the notice to appear says that he will be provided with a copy of this form but that's nowhere in the record to your second question respectfully i disagree that he could have just figured it out if you go on the website to find where an eoir 33 is it's not just a blank form that you fill out with an so petitioner would actually had to have known first the immigration court location so that he would have known which form to click on on the website but but but but but i think my point wasn't that i hear what you're saying there that's too much of an obligation to put in your client my point was if he received one of these forms that was in fact pre-populated then it's harder for him to claim that he didn't know the address because those forms are indeed pre-populated with usually a return address as to where to send it that was my point not that he would inherit an obligation to do so somehow by getting on the website which is user-friendly but but but i don't think that that counts for due process purposes i agree that if he received a form that indicated the address of the court or that was pre-populated with that information then he would have had the information he needed to fulfill his obligation but there's no evidence in the record there's no form in the record that indicates he was ever provided with a copy of the form or any evidence that he ever knew the immigration court location in this case but so let's just suppose though let's just suppose that he got the the a pre-populated eoir 33 with the nta okay if he got one of those then it really doesn't matter if which one of these ntas the one with the annotated or the unannotated works because he had under both potentially the form that could have updated his address and solved all these problems so it strikes me that at one level the annotation is interesting but all this is solved when he gets the eoir pre-populated 33 is this part of the reason why you needed the a file of course your honor and which is something that we didn't get when we filed the motion to reopen before the immigration judge and we indicated that we needed an extension of time so that we could supplement that motion after receiving the foyer results and getting the complete a file now the immigration judge still denied the motion to reopen and wasn't moved by a request to just get more time so that we had access to the a file so your answer i guess to follow up on what judge phipps is saying is if you had evidence in the record that this pre-pop pre-populated form was available your argument would be more difficult to make under the notice to appear but you're telling us the record is silent on whether the eoir 33 was ever given to him am i correct i wouldn't say that the record is silent i think because there's no evidence of that in the record because that pre-populated form does not exist the evidence in the record doesn't support that he got that form thank you judge surika did you have a question no but uh and and can we assume that that the a file might reveal that information whether or not he had gotten the change of address form your honor it's unclear from the record what exactly his a file contained so i don't think it is safe to assume that the a file contain anything all right what's what's clear is that the documents that are available to us does not indicate in any way that petitioner had a pre-populated form or ever knew of the immigration court's address to be able to fulfill the obligation of sending that form all right let me see if judge phipps has any other questions before we have you take a seat for your rebuttal judge phipps no no thank you does circa no all right counsel i'll have you back on rebuttal thank you okay miss strokis good morning your honors may it please the court jessica strokis on behalf of the united states attorney general your honors petitioner has essentially admitted that he is not challenging the agency's decisions in this case but nonetheless wants his court to rule in his favor understanding the procedural history of this case what he raised and when is absolutely critical and when understood it's plain that this court actually lacks jurisdiction over these notice arguments that the court has been discussing um and that the agency did not violate due process so before the immigration judge the petitioner filed a motion to reopen rescind his removal order alleging that he did not receive any copy of his notice to appear and that therefore the to issue the in absentia removal order the director of the ij say she lacked jurisdiction she just denied it the immigration judge denied that no so i'm sorry your honor petitioner alleged that the immigration judge lacked jurisdiction to issue the in absentia removal order the immigration judge's decision on the motion to reopen was to outright deny it saying petitioner you received personal service of the notice to appear and that resolves this issue of the immigration judge have available to her both notices to appear the eior 33 did she have that in front of her your honor it's unclear from the record um well you know what was submitted right we know what kind of briefing was put together and did the nta that was stamped as an exhibit is the one that has the annotation and i will say it's unclear where the annotation came from honestly to me it looks like it could have been made by a court clerk it could have been made um by the immigration court itself it doesn't necessarily just because it's on the nta does not mean that it was necessarily made by the dhs there doesn't have to be a problem though isn't that a problem for you because if it was put on by some court clerk how do we know that this copy was the one that was sent to the petitioner he contends it was the unannotated one your honor ultimately it doesn't really matter for the issue the only issues before this court which is that of the immigration judge's jurisdiction because under let me just push back there i mean let's just say that yeah this nta is good enough to give the immigration judge jurisdiction let's just say good because because you're going to tell me what nicomo says and you probably know it better than i know it but but either nta under your theory will give the immigration court jurisdiction that doesn't mean that the immigration court can exercise its jurisdiction in violation of due process so what would happen is if someone if the immigration court has jurisdiction but the petitioner has no way of knowing where to send a notice or gets an eoir 33 form which in terms of it that's how the process works best if you use the form then then jurisdiction isn't the only issue the issue is yes eij had jurisdiction but yes there might have been a due process problem with the notice that was provided to petitioner and your honor that's absolutely correct but if petitioner wanted to raise that kind of procedural due process issue the appropriate venue would have been before the agency in the first instance and he simply did not do that he only raised it and only raised to the immigration judge that he did not receive any copy of his nta and that therefore the immigration court lacked jurisdiction to the board he argued he changed tactics a bit he said okay i did receive a copy of my nta but i but there was this there's a second copy of the nta and i never received a notice of hearing so the board's decision doesn't disturb the ultimate denial of his of his motion to reopen which again was only about did he receive any copy of his notice to appear and then the board addresses his jurisdictional arguments there is no place in his agency filings where he argues a procedural due process issue based on recid based on notice it's all about rescission excuse me it's all about jurisdiction so that that's really the problem that petitioner has here at this court's level is that this court's jurisdiction is limited by section 242 of the ina to what he presented before the agency and what the agency addressed the appropriate that was the case though counsel if all that that um petitioner argued before the ij was jurisdiction why go through the exercise of by the way i'd like a copy of the a file i need a continuance to get more information about what led to this ultimate order so i'm not sure you're reading it so strictly or ignoring kind of other things that that also uh accompanied the request for relief on the motion to reopen or should we just ignore that that they were looking for evidence your honor um petitioners in his motion to reopen makes that request for for um for leave to supplement his motion to reopen essentially a request for a continuance after the fact um and asks asks for it stating that he submitted his emergency motion upon information and belief that he did not receive proper notice of his hearing despite providing dhs with the correct address so his entire motion is about he did not receive any copy as his notice to appear um that is what the immigration judge had to address and and what the immigration judge did was say you did so there isn't necessarily a reason that the a file would come into play and on appeal to the board the board addressed that exact issue i believe it was on let me see if i can find it page five of the administrative record before boards um page three of the board decision when it's addressing the due process um issue that petitioner raised about time for me to supplement his motion and the boards that said you cannot show prejudice because your motion was about notice was about receipt of your notice to appear um and furthermore under we already decided under this two-step matter of bermuda's coda jurisdictional inquiry we've already decided that notice was not required in this case um notice is not required at all for purposes of jurisdiction your honor for purposes i don't think your adversary was limited in in the presentation to the purported lack of jurisdiction which we all agree was incorrect the court had jurisdiction and that that there's been a constant theme from the motion to reopen and when you look at all the supporting documents it all had to do with due process and i'm not sure that you're asking us to ignore that your honor what i'm i'm not asking you to ignore the due process issues i i do believe that there are due process issues that were preserved in this case and raised to the agency that the the question of leave to reopen is certainly one of them what i'm saying is that this court does not have jurisdiction to go into these notice issues notwithstanding petitioner's attempts to reframe the notice issue as a due process issue first let's assume we do how do you explain the choice between these two notices what is the evidentiary basis to conclude that this petitioner received one that if if we are going if if we are hypothetically going into into a world where petitioner did raise the notice issue either as a straight legal issue or as a due proc procedural due process issue before the agency um i can't speak to it as it as it is because he simply didn't raise it but if we're talking about a hypothetical um certainly this court the substantial evidence standard would govern that and as judge phipps pointed out um it appears that the agency looked at the one that was marked as an exhibit which is the one with the annotation i i cannot explain that there why there are two um i can give you my my thoughts that to me it looks like a court clerk may have made the annotation and that it doesn't necessarily mean that there's some nefarious purpose that dhs made it even if dhs made it petitioner was originally detained in texas and it could have been a dhs clerk who said well he's going to new jersey let's make sure that this goes to the new jersey immigration court so that he doesn't have to go through the rigmarole of filing a motion to change venue from texas what's the evidence that we know that he received this one as opposed to the other the record doesn't seem to allow us to evaluate whether there's substantial evidence as to which one he received um your honor again i i speaking hypothetically i'm not quite sure um and i think that that in the record the the one that the agency relied on it's the one that's only part of the inquiry okay i mean i don't i keep fixating on this eoir 33 i mean it strikes me that if he received an eor 33 with the nta then we don't really have any issue here because he would have got that he would have had the obligation to send that back in especially it was repopulated but the issue at least from a due process perspective not from a jurisdiction perspective is we don't have any evidence that he got that or when he got that it creates kind of a strange situation of there might be a no man's land where where an alien could change addresses before getting the eoir 33 and claim never to have you know never to have got stuff your honor is exactly correct so speaking hypothetically petitioners ruled here simply doesn't work because it would allow any any non-citizen who's detained by the dhs to give an address and then just simply abandon that address or never have that address in the first place and then claim that he did not receive notice of his hearing because um even though he received personal service of an nta that nta could never be perfected with the notice of hearing so essentially um and to quote this court's a very recent decision in john muise um the attorney general um from 2019 that held that in absentia proceedings are not um violations of due process it would perversely let him avoid removal by not attending his hearing and he would have no consequences for not attending his hearing because he could simply move from his address now i admit that is not he couldn't do that if the eoir 33 was sent at the exact same time as the nta because then his obligation to update would be immediate with his receipt of an nta with or with an nta with or without date and time for hearing so on your honor the obligation to update is not tied like petitioner argues to the immigration court practice manual it's statutory it says in the statute that he must update his address immediately if he moves there's it says he must tell the attorney general if i recall the statute correctly and we can find attorney general's address but that's different than sending in to an immigration court because those are different addresses there's one elizabeth there's one in newark you might not know which one it would be but if i read that if i recall the statute it says attorney general not any specific court yes your honor i believe section 239 a1 um let's see f says must immediately provide the attorney general and general with the change of address or phone number so it's not tied to the immigration court practice manual and using form eor 33 is just a means to an end because the immigration court is part essentially part of the attorney general if that makes sense um his the attorney general's authority is designated to members of the board of immigration appeals and to immigration judges to um make decisions in his stead so by sending that form you are essentially um satisfying section 239 a1 f but again your honors um the procedural history of this case really bears out that this is this discussion that we're having about notice in this case and about the procedural due process inquiry related to notice in this case was never raised before the agency um and i do think that this court will have to grapple with um whether it has jurisdiction to address um these arguments and these claims raised by the petitioner because again petitioner really had two avenues to take he could um address notice and he could adjust jurisdiction um he decided to pursue jurisdiction without pursuing notice and now he's only pursuing notice which essentially leaves this court with nothing to review outside of those three due process issues um his allegation that the decision was uh ultimately the immigration judge's decision was too conclusory the denial of leave to not prejudiced because his initial motion to reopen was about whether or not he received a copy of his notice to appear not an annotated copy not a non-annotated any copy and third the unfortunate ad hominem attack on the board member who simply failed to rule in his favor those are the three due process issues that were exhausted that were arguably exhausted um before the board and that this court would have jurisdiction to consider um but any other procedural due process issue um unfortunately for the petitioner in this case it just simply was not raised to the agency that's a record do you have any further questions of counsel judge pitts i know thank you okay thank you for your arguments okay we'll hear counsel on rebuttal um how do you respond to your adversary's arguments of a lack of preservation of the issue concerning the notice sure your honor uh the notice we argue that petitioner the notice petitioner received was infirm and his in absent removal order should be rescinded for lack of to reopen before the immigration judge we also argued before both both courts that their reliance on insufficient evidence was a violation of petitioners due process rights and the third do you have record sites for this i'd love to just see this if you if you have those those would be valuable to at least me if you don't have them your honor so first petitioner the notice that petitioner received was infirm and his in absent removal order should be rescinded for lack of notice that is in the bia appeal of the immigration judge motion to reopen denial in the brief there we even say that to hand write a critical piece of information in after service of the documents belies the concept of service that is on ar 000036 so that argument continues as well on ar 00047 continuing to 00051 this was also raised of course in the eoir 26 notice of appeal and those page sites are 000275 to 76 in the emergency motion to reopen before the immigration judge council noted her belief that petitioner did not receive proper notice but emphasized that she didn't have access to the evidence necessary to flesh out this argument and that's an important point because here council didn't get petitioners foyer results until after the emergency motion to reopen and of course she had those documents before she filed the appeal before the bia but the arguments she did make before the immigration judge are on 000395 to 96 000401 to 402 the argument in terms of the evidence of non-receipt was also made before both courts would your honor like those sites as well i don't need those but my colleagues would then i'm i don't need to i i don't want to stop you but i i leave it to them i'm fine there are there are also record sites for our arguments that the immigration judge and the bia's reliance on insufficient evidence was a violation of petitioners due process rights i can provide those sites if you'd like so if not i would just conclude by saying that this is why hearing is necessary in this case is to answer the questions that you asked of both me and opposing counsel respondent conceded on page four of its brief that it's unclear from the record that is a concession your honor it is unclear from the record whether the notice that petitioner received was the copy or the location of the court was to be determined or the newark immigration court and that's exactly why we need a hearing in this case dhs is the only party that filed the annotated copy and petitioner was the only one that filed the blank notice so it actually is clear your honor uh who filed which copy thank you uh judge for the questions of counsel no thank you erica right counsel thank you very much for your helpful arguments and your briefing in this matter where we'll take the matter under advisement and we hope you'll stay safe and healthy thank